**Andrea TOVAR–RODRIGUEZ,
Petitioner,**

v.

**Alberto R. GONZALES,\* Attorney
General, Respondent.**

**No. 03–74096.**

United States Court of Appeals,
Ninth Circuit.

Submitted May 4, 2005.\*\*

Decided Dec. 8, 2005.

Robert G. Berke, Esq., Los Angeles, CA, for Petitioner.

Shan D. Potts, Berke Law Offices, Los Angeles, CA, Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland

---

\* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Security, San Francisco, CA, Julia Doig Wilcox, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: GOODWIN and CLIFTON, Circuit Judges, and RHOADES,*** District Judge.

## MEMORANDUM ****

Andrea Tovar–Rodriguez petitions for review of a decision by the Board of Immigration Appeals affirming without opinion the decision by an Immigration Judge denying her petition for cancellation of removal. We grant the petition and remand for further proceedings.

■ Tovar–Rodriguez contends that the IJ erred as a matter of law in concluding that she had not satisfied the continuous physical presence requirement under 8 U.S.C. § 1229b(b)(1)(A). Although the government has no record of it, pursuant to her testimony we will assume that the border patrol stopped Tovar–Rodriguez and turned her around at the border following her first attempt to reenter the United States after visiting her ailing father in Mexico for a week in 1992. The fact that an alien is turned around at the border does not in and of itself interrupt the continuity of her physical presence in the United States. *See Tapia v. Gonzales,* 430 F.3d 997 (2005). Because Tovar–Rodriguez successfully returned to her home in this country and resumed her life as a United States resident well within the 90 days provided in § 1229b(d)(2), the IJ erred in concluding that because she was turned around at the border when she first attempted to reenter she did not satisfy the residency requirement of § 1229b(b)(1)(A).

■ Furthermore, substantial evidence does not support the IJ's determination that Tovar–Rodriguez was statutorily ineligible for cancellation of removal pursuant to 8 U.S.C. § 1101(f)(3). The only evidence that she knowingly encouraged, induced, assisted, abetted or aided her son to enter the United States in violation of 8 U.S.C. § 1182(a)(6)(E) was her testimony that she told a friend that she "wanted to get together with [her] son, and he said that if he could, he was going to bring it [sic] to [her]." An expressed desire to see a family member, without more, does not constitute smuggling under § 1182(a)(6)(E). There is absolutely no evidence that she committed an affirmative illicit act of assistance contributing to her son's entry into the United States. *Compare Cortez–Acosta v. INS,* 234 F.3d 476, 483 (9th Cir.2000) (reversing a § 212(a)(6)(E) deportation because riding as a passenger in one of two vans where the illegal alien was in the other van did not constitute smuggling) with *Mariscal–Sandoval v. Ashcroft,* 370 F.3d 851, 852 (9th Cir.2004) (concluding the petitioner was guilty of smuggling where he "tried to evade inspection" while transporting six undocumented Mexican women into this country in his van); *Sidhu v. Ashcroft,* 368 F.3d 1160, 1163 (9th Cir.2004) (concluding the petitioner was guilty of smuggling where he agreed in advance to help a young man illegally enter the United States, guided him through immigration at the airport and was suspected of providing false documents).

Accordingly, we grant the petition and remand to the BIA for further proceed-

*** The Honorable John S. Rhoades, Sr., Senior United States District Judge for the Southern District of California, sitting by designation.

**** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

ings. To be statutorily eligible for cancellation of removal, Tovar–Rodriguez must be found to have satisfied the continuous physical presence requirement, be a person of good moral character who has not been convicted of specified criminal offenses and whose "removal would result in exceptional and extremely unusual hardship" to her "spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence." 8 U.S.C. § 1229b(b)(1). On remand both sides are entitled to present additional evidence regarding any of the predicate eligibility requirements to assist the IJ in determining whether Tovar–Rodriguez is a candidate for cancellation. *See INS v. Ventura*, 537 U.S. 12, 16–18, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002).

**PETITION GRANTED; REMANDED.**